# Greyhound Lines Inc. v. TransAm Trucking Inc.

C.P. of Huntingdon County, no. 98-1627.

*Paul C. Troy,* for plaintiff.
*Jeffrey B. Rettig,* for defendants.

354

KURTZ, *J.*, January 11, 2000—Before this court is a motion filed by Greyhound Lines Inc. to coordinate and consolidate for trial the three cases set forth above. Rules 213 and 213.1, Pa.R.C.P. Procedurally, and in accord with the protocol of Rule 213.1, we set Greyhound's motion down for hearing on December 9, 1999. On that date we heard argument, having received in advance, briefs addressing the question of whether or not this court should exercise its discretion and enter an order coordinating these actions in this or another county. No evidence was proffered, and we are therefore obliged to make a decision without the benefit of any factual record. Nonetheless, after considering the written and oral arguments, we are inclined to deny the motion.

## A. BACKGROUND

These actions arise from the collision between a Greyhound bus and a tractor-trailer owned by TransAm Trucking Inc. that occurred June 20, 1998, on the Pennsylvania Turnpike, Interstate 78, in Dublin Township, Huntingdon County, Pennsylvania. Tragically, six persons (including Greyhound's driver) were killed and a number of Greyhound's passengers were injured. There is no debate that Huntingdon County was the venue where the first action was filed for the recovery of damages allegedly sustained as a result of the accident. Plaintiff in that action is Greyhound.

A brief factual summary drawn exclusively from the pleadings filed in Huntingdon County civil action 98-1627 is appropriate.

Greyhound alleges in its complaint that its passenger bus collided with a tractor-trailer owned by TransAm and operated by the individual defendants. Greyhound also asserts that TransAm and its drivers were negligent

since, inter alia, the tractor-trailer was stopped on the shoulder of the roadway without the employment of flares or other reflective devices.

TransAm has responded, and in new matter asserted, that its tractor-trailer was lawfully parked in a designated "emergency parking" area with its lights on and that Greyhound's bus left the traveled portion of the highway, traveled across the north berm of westbound Interstate 78, and entered the "emergency parking" area where it collided into the rear of the TransAm tractor-trailer.

Greyhound, in its Huntingdon County action, seeks compensation in excess of $50,000 for the damage to its bus; TransAm, in its counterclaim, asks the same for the damage sustained to its tractor-trailer.

## B. DISCUSSION

Rule 213.1 provides guidance for the decision whether or not to order coordination. It provides:

*"Rule 213.1 Coordination of Actions in Different Counties*

"(c) In determining whether to order coordination and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

"(1) whether the common question of fact or law is predominating and significant to the litigation;

"(2) the convenience of the parties, witnesses and counsel;

"(3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

"(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;

"(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

"(6) the likelihood of settlement of the actions without further litigation should coordination be denied."

We begin our analysis with a caveat: a plaintiff's choice of forum should be afforded great weight and rarely disturbed. See *Cheeseman v. Lethal Exterminator Inc.*, 549 Pa. 200, 701 A.2d 156 (1997). Courts should therefore, in our view, proceed cautiously before deciding to embrace a rule, the application of which will defeat the presumptive right of a litigant to select the court in which he or she elects to assert a claim.

Next, we do not believe Rule 213.1 was intended to confer advantage in civil litigation. In this regard we sense that this motion derives more from a desire by Greyhound to have a rural jury hear the cases arising from this tragic accident than a concern about multiple litigation (three cases). The sharp factual disparity apparent in the pleadings and the failure of counsel in Philadelphia and Delaware counties to conjure up a theory of liability sufficient for them to join TransAm as a defendant have contributed to our perception that this motion is a strategic ploy. In any event, we have considered the Rule 213.1(c) factors and concluded that the first three dictate denial of the motion, and that the fourth is probably not an appropriate circumstance for inclusion in our analysis. See *Cheeseman v. Lethal Exterminator Inc., id.* As for five and six, we have no opinion.

Moving from the general to the particular, we think it clear that while the factual predicate for all the cases is the same, the legal issues and the parties are substantially different. In the Huntingdon County case, the issues for the fact-finder in the competing claims for the recovery of property damage will be the negligence of Greyhound and TransAm. In the Philadelphia and Delaware County cases, the principal issue for decision will

be the amount of damages. In short, we would not be inclined to consolidate these cases since the parties are different, the damages sought are different, and there are different theories (negligence, contributory negligence) at issue. While we have strong admiration for the work done by juries in this jurisdiction, we believe that the competing issues and parties would strain even their ability to separate the wheat from the chaff.

Next, from everything we know and were told at argument, it seems beyond peradventure that the convenience of the parties, witnesses and counsel would be best served with trial in eastern Pennsylvania. The only witness of whom we are aware that resides in this county is the coroner, Daniel Quarry, and his testimony, if indeed it's needed given the fact that he is not a medical doctor, would be short and easily preserved by deposition.

Similarly, we believe the coordination and consolidation of these cases here would substantially increase the expense of the litigation since it is a four-hour drive from Philadelphia to Huntingdon; and, it would in the Delaware County case delay disposition since the matter there is already scheduled for hearing by a panel of arbitrators.

Finally, while we have no basis to express an opinion as to whether the likelihood of settlement would be enhanced by coordination, we do acknowledge what we were told by movant's counsel at argument, which is that a number of claims arising from the accident have already been settled without coordination. A fair inference therefore is that settlement of claims is not related to the success or failure of this motion.

For these reasons, we will enter an order denying the motion.

358

## ORDER

And now, January 11, 2000, it is the order of this court that the motion of Greyhound Lines Inc. to coordinate and consolidate is denied.